# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

# STATE OF LOUISIANA

| | |
|---|---|
| **ROBERT SOUTHARD** | **CIVIL ACTION** |
| **VERSUS** | **JUDGE** |
| **LOWE'S HOME CENTERS, LLC** | **STATE OF LOUISIANA** |

## PLAINTIFF'S ORIGINAL COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes and appears **ROBERT SOUTHARD**, Plaintiff herein, of the full age of majority and domiciled in the Parish of East Baton Rouge, State of Louisiana, and for his cause of action files this Plaintiff's Original Complaint against Defendant, **LOWE'S HOME CENTERS, LLC**, and would respectfully show the Court as follows:

### Jurisdiction and Venue

1.  This action is arising under the Family Medical Leave Act ("FMLA"), 29 U.S.C. 2601 et. seq., to recover damages at law, actual and liquidated, to seek compensation and benefits due, in the form of wages and other monetary losses, to enforce the rights available under the terms of the FMLA at law and equity, and to recover costs, reasonable attorney's fees, any reasonable expert fees, as well as interest on all sums as available under the FMLA. This Court has subject matter jurisdiction under 28 U.S.C. 1331. Venue lies in the Middle District of Louisiana under 28 U.S.C. 1391(b)(2).

**Parties**

2.  Plaintiff is a citizen of the United States and the State of Louisiana and resides in East Baton Rouge Parish, Louisiana.  At all times pertinent herein Plaintiff was an "eligible employee" of Defendant as that term is defined in the FMLA.

3.  Defendant, a limited liability company and is authorized to do and is doing business in the State of Louisiana.  Defendant may be served by serving its registered agent, Corporation Service Company, 501 Louisiana Avenue, Baton Rouge, Louisiana 70802.  Defendant was at all pertinent times herein the "employer" of Plaintiff as that term is defined in the FMLA.

**Statement of Facts**

4.  Plaintiff began his employment with the Defendant on March 14, 2018.

5.  On or about February 11, 2020, Plaintiff was approved for FMLA medical leave for his surgery, in which his doctor released him to go back to work on April 20, 2020.

6. On or about September 21, 2020, Plaintiff had to take off work due to gout issues and right knee pain, in which his doctor released him to go back to work on September 28, 2020.

7. On or about September 29, 2020, Plaintiff's wife had hip surgery and returned to work on October 13, 2020.

8.  On January 27, 2021, Plaintiff was terminated due to not meeting his required sales or goals. Plaintiff's required sales or goals were set for the period of February 1, 2020 to January 31, 2021. During that time period, Plaintiff was not able to work for numerous weeks due to being on FMLA leave for medical reasons.  Therefore, periods of time in which Plaintiff was on FMLA leave factored into the employer's calculation of his performance goals, which eventually led to his termination.  Defendant's actions interfered with Plaintiff's leave rights. Defendant failed to adequately investigate any circumstances before it terminated Plaintiff.  Such

circumstances warrant a finding that Defendant has acted in willful and reckless disregard for Plaintiff's rights.

9.  Defendant's termination of Plaintiff interfered with Plaintiff's rights under the FMLA, and was in retaliation for Plaintiff exercising those rights.

10.  As a result of Defendant's FMLA interference and retaliation, Plaintiff suffered economic injury in the form of past and future lost compensation and benefits, and other monetary losses. Plaintiff seeks recovery of lost compensation and benefits, other monetary losses, as established, and reinstatement or front pay in lieu thereof.

11.  Defendant acted willfully in violation of Plaintiff's FMLA rights, and Plaintiff is therefore entitled to additional damages under the FMLA.

12.  Because of Defendant's actions, Plaintiff was required to obtain legal assistance to enforce his FMLA rights and is entitled to the recovery of reasonable attorney's fees. Plaintiff seeks recovery of reasonable attorney's fees, any reasonable expert witness fees, and costs as available under the FMLA.

13.  Plaintiff also seeks recovery of pre and post judgment interst and costs as allowed by law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Defendant be cited to appear and answer herein and that on final hearing the Court enter judgment in favor of Plaintiff and against Defendant for:

   A.   Wages and benefits under the FMLA;

   B.   Compensatory damages under the FMLA;

   C.   Additional liquidated damages under the FMLA;

   D.   Reinstatement or front pay in lieu of reinstatement under the FMLA;

E.  Costs of court and reasonable expert fees under the FMLA;

F.  Attorney's fees under the FMLA;

G.  Prejudgment and postjudgment interest as allowed by law;

H.  For such other and further relief, in law or equity, as this Court may deem appropriate and just.

      Respectfully Submitted:

**/s/Gregory J. Miller**
Gregory J. Miller (#17059)
Miller, Hampton & Hilgendorf
3960 Government St.
Baton Rouge, LA 70806
Phone: (225) 343-2205
Fax: (225) 343-2870
GJM@MLHLAW.COM
*Attorney for Robert Southard*